Squire Patton Boggs (US) LLP
Troy M Yoshino (State Bar # 197850)
troy.yoshino@squirepb.com
Eric J Knapp (State Bar # 214352)
eric.knapp@squirepb.com
Scott J Carr (State Bar # 245588)
scott.carr@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  +1 415 954 0200
Facsimile:   +1 415 393 9887

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FLORES, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC a Corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. 8:17-CV-00474-DOC-JCG<br><br>**MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT**<br><br>Judge:  Hon. David O. Carter<br><br>Date:        July 31, 2017<br>Time:       8:30 a.m.<br>Courtroom:  9D |

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on July 31, 2017 at 8:30 a.m. or as soon thereafter as counsel may be heard, before the Honorable David O. Carter, in Courtroom 9D of the United States Courthouse, located at 411 West Fourth Street, Santa Ana, California, 92701, Defendant Mercedes-Benz USA, LLC ("MBUSA") will and hereby does move the Court to dismiss plaintiff's Complaint in its entirety. Specifically, by this motion:

1.     Pursuant to Fed. R. Civ. P. 8, 9(b), 12(b)(6), and 12(f) MBUSA seeks an order dismissing plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted and/or striking portions of plaintiff's Complaint;

2.     Pursuant to Fed. R. Civ. P. 12(b)(1), MBUSA seeks an order dismissing plaintiff's Unfair Competition Law and Consumer Legal Remedies Act claims and claims brought relating to vehicle types not owned by plaintiff, for lack of subject matter jurisdiction as plaintiff lacks standing to assert these claims.

This motion is made following the conference of counsel which took place on May 26, 2017, pursuant to L.R. 7-3, during which the parties were unable to resolve the issues presented by this motion.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated:  June 5, 2017                          Respectfully submitted,

Squire Patton Boggs (US) LLP


By:   _/s/ Troy M. Yoshino_
                              Troy M Yoshino
                              Attorneys for Defendant
                              MERCEDES-BENZ USA, LLC

-1-

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ........................................... 1

INTRODUCTION ................................................................................................. 1

RELEVANT BACKGROUND .............................................................................. 2

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ........................... 3

I.     PLAINTIFF DOES NOT PLEAD FACTS PLAUSIBLY
       ESTABLISHING THE EXISTENCE OF A DEFECT, WHICH IS
       FATAL TO EACH OF HIS CLAIMS ......................................................... 4

II.    PLAINTIFF'S CLRA CLAIM FAILS AS A MATTER OF LAW ............... 7

       A.     Plaintiff Does Not Allege Facts Showing That MBUSA
              Violated a Duty to Disclose ......................................................... 7

              1.     Plaintiff Fails to Plead Facts Showing MBUSA Knew of
                     the Alleged Defect in His Vehicle Prior to Sale ..................... 7

              2.     Plaintiff Fails to Plead Facts Showing "Active
                     Concealment" ........................................................................ 9

              3.     Plaintiff Fails to Plead an Affirmative Misrepresentation
                     or an Incomplete Partial Representation .................................. 9

       B.     Plaintiff Does Not Adequately Allege Reliance Upon MBUSA's
              Alleged Omissions ..................................................................... 10

       C.     Plaintiff's CLRA Claim Must Be Dismissed for Lack of a
              Venue Affidavit .......................................................................... 12

III.   PLAINTIFF'S CLAIM FOR BREACH OF EXPRESS WARRANTY
       FAILS AS A MATTER OF LAW ........................................................... 12

       A.     Plaintiff Fails to Allege the Exact Terms of the Warranty ............... 12

       B.     Plaintiff Concedes That His Vehicle Was No Longer Under
              Warranty at the Time He Sought Repair ......................................... 13

IV.    PLAINTIFF FAILS TO STATE A UCL CLAIM AGAINST MBUSA ...... 14

       A.     Plaintiff's Omissions-Based UCL Claim Fails Because He Has
              Not Pled Facts Establishing Reliance on MBUSA's Alleged
              Omissions ................................................................................... 14

       B.     Plaintiff Separately Fails to Allege Facts Showing MBUSA
              Committed Any Unlawful Business Practices ................................. 15

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

-i-

# TABLE OF CONTENTS
(continued)

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Page

C.   Plaintiff Fails to Allege Facts Showing That MBUSA Committed Any Fraudulent Business Practice ................................. 16

D.   Plaintiff Fails to Allege Facts Showing That MBUSA Committed Any Unfair Business Practice ........................................ 16

V.   THE RECALL-RELATED REMEDIES PLAINTIFF SEEKS ARE PREEMPTED BY FEDERAL LAW AND BARRED BY THE PRIMARY JURISDICTION DOCTRINE .................................................. 17

MOTION TO DISMISS FOR LACK OF STANDING ........................................ 18

VI.   PLAINTIFF LACKS STANDING TO BRING CLAIMS FOR VEHICLES HE DOES NOT OWN .............................................................. 18

CONCLUSION ................................................................................................... 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
   795 F.2d 238 (2d Cir. 1986) ................................................................................. 13

*Am. Suzuki Motor Corp. v. Superior Court*,
   37 Cal. App. 4th 1291 (1995) ............................................................................. 18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................... 4, 7, 16

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) .............................................................................. 18

*Baba v. Hewlett-Packard Co.*,
   2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ...................................................... 10

*Barakezyan v. BMW of N. Am., LLC*,
   2016 WL 2840803 (C.D. Cal. Apr. 7, 2016) ................................................... 9, 12

*Bardo v. Tilton*,
   2010 WL 1087515 (E.D. Cal. Mar. 22, 2010) ...................................................... 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................... 1, 4, 7, 11

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
   153 F. Supp. 2d 935 (S.D. Ind. 2001) ............................................................... 17

*Cel-Tech Commc'ns Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ...................................................................................... 15

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*,
   2017 WL 86033 (N.D. Cal. Jan. 10, 2017) ....................................................... 7, 9

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006) ........................................................................ 13, 14

*DeCoteau v. FCA US LLC*,
   2015 WL 6951296 (E.D. Cal. Nov. 10, 2015) ...................................................... 5

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 26000
San Francisco, California 94111

-iii-

*Dilley v. C.R. Bard, Inc.*,
  2014 WL 1338877 (C.D. Cal. Apr. 3, 2014).......................................................5

*Elias v. Hewlett-Packard Co.*,
  903 F. Supp. 2d 843 (N.D. Cal. 2012)............................................................13

*Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*,
  2013 WL 4401437 (S.D. Cal. Aug. 15, 2013)..............................................5, 6

*Frey v. Novartis Pharm. Corp.*,
  642 F. Supp. 2d 787 (S.D. Ohio 2009).............................................................4

*Gold v. Lumber Liquidators, Inc.*,
  2015 WL 7888906 (N.D. Cal. Nov. 30, 2015)..................................................8

*Hamilton v. Bank of Blue Valley*,
  746 F. Supp. 2d 1160 (E.D. Cal. 2010)..........................................................15

*Hernandez v. Specialized Loan Servicing, LLC*,
  2015 WL 350233 (C.D. Cal. Jan. 22, 2015)......................................................8

*Herremans v. BMW of N. Am., LLC*,
  2015 WL 12712082 (C.D. Cal. Feb. 19, 2015)..................................................8

*Herron v. Best Buy Co.*,
  924 F. Supp. 2d 1161 (E.D. Cal. 2013).............................................................9

*In re iPhone 4s Consumer Litig.*,
  2014 WL 589388 (N.D. Cal. Feb. 14, 2014)....................................................10

*In re iPhone App. Litig.*,
  6 F. Supp. 3d 1004 (N.D. Cal. 2013)..............................................................11

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009)..........................................................................4

*Leids v. Metlife Home Loans*,
  2009 WL 4894991 (C.D. Cal. Dec. 7, 2009)..................................................15

*Lengen v. Gen. Mills, Inc.*,
  185 F. Supp. 3d 1213 (E.D. Cal. 2016)...........................................................13

*Long v. Hewlett-Packard Co.*,
  2007 WL 2994812 (N.D. Cal. July 27, 2007)..................................................13

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

*Lucas v. City of Visalia*,
726 F. Supp. 2d 1149 (E.D. Cal. 2010) ................................................................ 5

*McQueen v. BMW of N. Am., LLC*,
2013 WL 4607353 (D.N.J. Aug. 29, 2013) ........................................................... 7

*McVicar v. Goodman Glob., Inc.*,
1 F. Supp. 3d 1044 (C.D. Cal. 2014) ............................................................. 11, 12

*Mirkin v. Wasserman*,
5 Cal. 4th 1082 (1993) .................................................................................. 11, 15

*Morris v. BMW of N. Am., LLC*,
2007 WL 3342612 (N.D. Cal. Nov. 7, 2007) ....................................................... 8

*Nelson v. Nissan N. Am., Inc.*,
2012 WL 3920626 (D.N.J. Sept. 7, 2012) ........................................................... 14

*Phillips v. Apple, Inc.*,
2016 WL 1579693 (N.D. Cal. Apr. 9, 2016) ........................................... 11, 14, 15

*Precht v. Kia Motors Am., Inc.*,
2014 WL 10988343 (C.D. Cal. Dec. 29, 2014) .............................................. 18, 19

*Punian v. Gillette Co.*,
2015 WL 4967535 (N.D. Cal. Aug. 20, 2015) ............................................... 16, 17

*Smith v. Ford Motor Co.*,
462 F. App'x 660 (9th Cir. 2011) ....................................................................... 14

*Smith v. Ford Motor Co.*,
749 F. Supp. 2d 980 (N.D. Cal. 2010) .................................................................. 7

*In re Sony PS3 Other OS Litig.*,
551 F. App'x 916 (9th Cir. 2014) ....................................................................... 12

*Taragan v. Nissan N. Am., Inc.*,
2013 WL 3157918 (N.D. Cal. June 20, 2013) ...................................................... 9

*Tietsworth v. Sears, Roebuck & Co.*,
2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ...................................................... 4

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ............................................................................. 4

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

010-8473-8202/1/AMERICAS

*White v. Volkswagen Group of Am., Inc.*,
  2013 WL 685298 (W.D. Ark. Feb. 25, 2013) ...................................... 14

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ............................................................ 16

*Williams v. Beechnut Nutrition Corp.*,
  185 Cal. App. 3d 135 (1986) .............................................................. 13

*Yagman v. Gen. Motors Co.*,
  2014 WL 4177295 (C.D. Cal. Aug. 22, 2014) ............................... 5, 6, 7

*Yastrab v. Apple, Inc.*,
  2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ................................... 10

**Statutes**

Federal Rules of Civil Procedure
  Rule 8 .................................................................................................. 5, 6
  Rule 8(a)(2) ......................................................................................... 1, 5
  Rule 9(b) .............................................................................................. 8, 9

49 U.S.C. §§ 30101 *et seq*
  National Traffic and Motor Vehicle Safety Act of 1966. .................. 17

California Civil Code
  Section 1780(d) ...................................................................................... 12
  California Consumer Legal Remedies Act ("CLRA") ....................... *passim*
  Unfair Competition Law ("UCL") ..................................................... *passim*

**Other Authorities**

United States Constitution
  Article III ............................................................................................. 11

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

-vi-

**INTRODUCTION**

When plaintiff originally filed this case, he alleged that a defect existed in his 2010 Mercedes-Benz E550's rear "tail lamp bulb carriers and/or pin connectors." Dkt. 1-1 ¶ 1. But after counsel for Mercedes-Benz USA, LLC ("MBUSA") presented plaintiff with indisputable proof that his vehicle did not even have those parts, plaintiff quickly jettisoned that defect theory for a totally unrelated one. Plaintiff now alleges that his vehicle has a defective "fuse box," yet he supplies no facts in support of this new theory. Offering little more than fact-free, conclusory assertions to support his claims, plaintiff's First Amended Complaint ("FAC") is a textbook example of a complaint that fails to meet the pleading standards required in the post-*Iqbal* and *Twombly* era. Plaintiff even ***changed*** the identity of the parts he purportedly discussed with the dealer. FAC ¶ 4; *cf.* Dkt. ¶ 4. The FAC must be dismissed in its entirety.

Among its many deficiencies, the FAC provides no facts in support of plaintiff's latest defect theory. Plaintiff merely alleges that an unidentified "design defect and/or a defect in the manufacturing process" of an unidentified component in the fuse box of his vehicle caused an unidentified "fuse to overheat, melt and catch fire." FAC ¶ 1. Nowhere does he allege what the actual "design and/or manufacturing" defect is or what specific part or component within the fuse box is defective. Conclusory allegations of a "defect" such as this do not pass muster under Rule 8(a)(2), requiring dismissal of plaintiff's claims.

Plaintiff's allegations that MBUSA "knew" of this unidentified defect prior to the sale of his vehicle fare no better. Both his Consumer Legal Remedies Act ("CLRA") and Unfair Competition Law ("UCL") claims are based on an alleged omission and require the pleading of facts showing that MBUSA knew of the alleged defect at the time plaintiff purchased his vehicle. Plaintiff does not come close to making this showing. He claims that MBUSA "knew or should have known" of the alleged defect but does not plead facts supporting that assertion. For

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

example, he does not allege facts showing other incidents where the supposed "fuse box" defect manifested, much less that MBUSA knew of any such instances.

Plaintiff's CLRA and UCL claims also fail because he pleads no facts showing that he relied on MBUSA's alleged omissions. In an omissions case such as this, plaintiff must plead facts showing that had the alleged defect been disclosed, he would have been aware of the disclosure and acted differently. Plaintiff does not provide any such facts, pleading reliance in purely conclusory terms. This court has dismissed claims in similar circumstances and should do so here as well.

Plaintiff's breach of express warranty claim must also be dismissed because he fails to plead the allegedly breached terms and, in any event, concedes that his warranty had expired by more than three years at the time of the alleged incident. The recall-related remedies plaintiff seeks must also be dismissed or stricken as they are preempted by federal law and barred by the primary jurisdiction doctrine.

Finally, in addition to not having stated a claim as to his particular vehicle, plaintiff also lacks standing to pursue claims encompassing vehicle types he never owned. Plaintiff does not plead a single fact showing that the fuse boxes in the unspecified vehicles encompassed by the putative class definition are substantially similar to his own.

For these and other reasons set forth below, plaintiff's claims must be dismissed in their entirety.

## **RELEVANT BACKGROUND**

The FAC conclusorily asserts a concealed, classwide defect in the same "make and model of fuse box" as in plaintiff's vehicle (although this is meaningless, and does not appropriately define a class). FAC ¶ 1. But the FAC is notable for what it does not allege: The FAC does not allege what the defect is, which of the many parts within the fuse box is allegedly defective, what other vehicles besides plaintiff's distinct model have the allege defect, or any facts showing that MBUSA had any pre-sale knowledge of this supposedly classwide defect.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

-2-

The facts that are alleged are sparse, inconsistent, and, in any event, insufficient to support any of plaintiff's claims. Plaintiff is the owner of a used 2010 Mercedes-Benz E550 and claims it experienced an electrical incident in the trunk in September 2016. Plaintiff's original complaint alleged that the incident was caused by a defective "tail lamp bulb carrier and/or pin connector," Dkt. 1-1 ¶ 1, though plaintiff now claims that it was the "fuse box" that was defective and caused the incident. FAC ¶ 1.

But it is not just the underlying theory that has changed in his FAC. The facts have changed too, and in inconsistent ways that highlight the invalidity of his claims. For example, the diagnosis he claims the repairing dealership provided to him has conveniently changed to fit his newfound defect theory. Whereas the original complaint alleged that "service personnel at [plaintiff's] Mercedes factory authorized dealer . . . informed PLAINTIFF that the vehicle had a defective tail lamp bulb and/or pin connector that would require replacement," Dkt. 1-1 ¶ 4, the FAC now claims that "service personnel at [plaintiff's] Mercedes factory authorized dealer . . . informed PLAINTIFF that the vehicle had a ***defective fuse box*** that would require replacement." FAC ¶ 4 (emphasis added).

Plaintiff claims that MBUSA breached an express warranty by not repairing his vehicle for free after the alleged September 2016 electrical incident, even though at that point his vehicle had been driven approximately 160,000 miles and was more than three years beyond the warranty expiration date. FAC Ex. 2 (Guentzler Rpt. Ex. 3 at 8) (Invoice 769565 showing vehicle delivery date of July 29, 2009 and a July 29, 2013 warranty expiration date).

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. "Bare-bones allegations" like those made here are not enough; the standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bardo v. Tilton*, 2010 WL 1087515, at *1 (E.D. Cal. Mar. 22, 2010). Conclusory allegations are "disentitle[d] . . . to the presumption of truth." *Iqbal*, 556 U.S. at 678. Instead, the facts pled must "plausibly" show that each element of plaintiff's claims is met. *See, e.g.*, *Frey v. Novartis Pharm. Corp.*, 642 F. Supp. 2d 787, 795 (S.D. Ohio 2009) (applying *Iqbal* to product defect claims).

Moreover, because plaintiff's claims under the CLRA and UCL are "grounded in fraud," they "are subject to the heightened pleading requirements of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL.") (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)); *Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 3320486, at *6 (N.D. Cal. Oct. 13, 2009). Plaintiff must allege the "the who, what, when, where, and how of the misconduct alleged" to survive a motion to dismiss. *Kearns*, 567 F.3d at 1126.

## I. PLAINTIFF DOES NOT PLEAD FACTS PLAUSIBLY ESTABLISHING THE EXISTENCE OF A DEFECT, WHICH IS FATAL TO EACH OF HIS CLAIMS

As a threshold matter, all of plaintiff's claims fail because he pleads no facts showing that a defect exists in his vehicle—only the conclusory allegation that there was an unspecified "defect in in the design of the fuse box and/or the manufacturing process used to produce the fuse box." FAC ¶ 8. Threadbare, factually devoid allegations such as this fall far short of pleading the existence of a defect under Rule 8(a)(2) and require plaintiff's claims to be dismissed.

In an action based on the existence of a defect, a plaintiff must "allege actual facts that make the existence of a design or manufacturing defect plausible." *DeCoteau v. FCA US LLC*, 2015 WL 6951296, at *3 (E.D. Cal. Nov. 10, 2015); *see*

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

-4-

*also Yagman v. Gen. Motors Co.*, 2014 WL 4177295, at *3 (C.D. Cal. Aug. 22, 2014) (A "complaint should set forth the ***specific facts*** on which Plaintiff bases his belief that a defect for which Defendants are responsible caused the harm he suffered." (emphasis added)).  "A bare allegation that the [product] had 'a [manufacturing or design] defect' is an insufficient legal conclusion" under Rule 8(a)(2).  *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010).  "The terse statement that the [product] had 'a defect' does not put Defendants on notice of what 'defect' the [product] allegedly had" and "fails to pass muster under Rule 8's pleading standard."  *Dilley v. C.R. Bard, Inc.*, 2014 WL 1338877, at *4 (C.D. Cal. Apr. 3, 2014).  Accordingly, dismissal of defect-based claims "is appropriate [where] Plaintiff does not include factual allegations that identify what aspect of the subject component design and manufacture made it defective."  *Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, 2013 WL 4401437, at *3-4 (S.D. Cal. Aug. 15, 2013); *Lucas*, 726 F. Supp. 2d 1149, 1155-56 (E.D. Cal. 2010) ("Dismissal . . . is appropriate because the complaint contains no factual allegations that identify what aspect of the subject taser's design and manufacture made it defective.").

Here, it is inescapable that plaintiff has not pled sufficient facts to establish the existence of a defect under Rule 8.  The FAC describes the alleged defect in the most conclusory terms possible: "the fuse box installed by DEFENDANT in these vehicles suffered a design defect and/or a defect in the manufacturing process that caused the fuse to overheat, melt and catch fire."  FAC ¶ 1.  An insurance report attached to the FAC describes the alleged defect in similarly fact-free terms, with no explanation of how any component in the fuse box is supposedly defective. FAC Ex. 2 (Guentzler Rpt. at 2).  This is hardly surprising, as Guentzler goes on to admit that when he looked at plaintiff's vehicle he had a tool with him that could have allowed him to "pin-point" the alleged issue, but he could not do so because of damage from the thermal incident.  *Id.* Ex. 2 (Guentzler Rpt. at 6.).  In other words,

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Guentzler does not know whether there was any defect inside plaintiff's fuse box, let alone what component was allegedly defective; and now he can never say.

The FAC, therefore, merely asserts that an unidentified defect in an unidentified component in the fuse box of plaintiff's vehicle caused an unidentified fuse to malfunction.  FAC ¶ 1.  And plaintiff further alleges that the undefined defect in the unidentified component in his fuse box exists in all fuse boxes of the "same make and model" as his fuse box, which is meaningless as applied to fuse boxes.  Tellingly, plaintiff alleges no facts identifying a single other vehicle, other than his own, that purportedly has the alleged defect.  Factually bereft allegations such as these are meaningless because they do not "identify what aspect of the [fuse box] design and manufacture made it defective," let alone the vehicles implicated and, therefore, do not provide MBUSA with the notice to which it is entitled under Rule 8.  *Fontalvo*, 2013 WL 4401437, at *3-*4.

Plaintiff's claim that an overload of current caused the fuse to malfunction does not salvage his claims either.  At best, this merely describes an injury, but it does not set forth "specific facts" showing that a defect for which MBUSA is responsible—as opposed to some other factor—is a plausible cause of plaintiff's alleged harm.  The dismissal of similarly vague claims in *Yagman* is instructive:

> Plaintiff here has only alleged an injury, not a defect. He alleges that his vehicle's engine stopped working, and his vehicle experienced a total electrical failure. He argues, however, that the fact that the car stopped working is sufficient to support a reasonable inference that a manufacturing defect was the cause. Although he is correct, he has invoked the wrong standard; a reasonable inference from pleaded facts does not necessarily rise to the level of plausibility.

2014 WL 4177295, at *3; *see also McQueen v. BMW of N. Am., LLC*, 2013 WL 4607353, at *7 (D.N.J. Aug. 29, 2013) (motion to dismiss granted where "[p]laintiff merely identifies the effects of the alleged defect: namely that the Vehicle shifts into neutral contrary to operator command.  There is no identification as to what

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

-6-

precisely the defect is, other than a conclusory allegation that the transmission

system is defective."); *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that

are 'merely consistent with' a defendant's liability, it 'stops short of the line

between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*,

550 U.S. at 557).

## II.    PLAINTIFF'S CLRA CLAIM FAILS AS A MATTER OF LAW

### A.    Plaintiff Does Not Allege Facts Showing That MBUSA Violated a Duty to Disclose

Plaintiff's CLRA claim is based on alleged omissions by MBUSA, but fails

because he does not plausibly allege that MBUSA violated any duty to disclose.

Under California law, a duty of disclosure only arises: "(1) when the defendant is in

a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive

knowledge of material facts not known to the plaintiff; (3) when the defendant

actively conceals a material fact from the plaintiff; and (4) when the defendant

makes partial representations but also suppresses some material fact."  *Smith v.

Ford Motor Co*., 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010).  Plaintiff makes

conclusory claims that MBUSA's duty to disclose arises from the circumstances

described in (2)-(4), but none of those allegations are sufficiently pled. FAC ¶¶ 1, 9.

### 1.    Plaintiff Fails to Plead Facts Showing MBUSA Knew of the Alleged Defect in His Vehicle Prior to Sale

"A plaintiff must sufficiently allege a defendants knowledge at the time of

sale in order to state a CLRA claim . . . under a fraudulent omission theory."

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, 2017 WL 86033, at *7 (N.D. Cal.

Jan. 10, 2017).

Here, plaintiff's CLRA claim fails because he does not plead facts plausibly

showing that MBUSA knew of the alleged defect at the time it sold his vehicle.  As

an initial matter, plaintiff does not even unequivocally allege, as he must, that

MBUSA *actually* knew about the alleged defect prior to sale.  Instead, he pleads that

MBUSA "has either known *or should have known* about the existence of a defect

-7-

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

with this make and model of fuse box." FAC ¶ 9. Yet, allegations that a defendant merely "knew or should have known" are not enough to sustain an action rooted in fraud. *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *6 (N.D. Cal. Nov. 7, 2007) (dismissing fraud-based UCL claim because allegation that defendant "knew or should have known" of defect does not adequately plead fraudulent conduct).

Even putting this infirmity aside, plaintiff still fails to plead ***facts*** showing that MBUSA knew or should have known of the alleged defect prior to sale. The FAC contains no knowledge-related allegations other than the conclusory claim that MBUSA "knew or should have known about the existence of a defect." FAC ¶ 9. There is no allegation of a single other incident where the undefined and unsupported defect has supposedly manifested. Likewise, there are no allegations as to what specific facts MBUSA supposedly knew, when or how it learned such information, or which individuals knew of it. *Hernandez v. Specialized Loan Servicing, LLC*, 2015 WL 350233, at *5 (C.D. Cal. Jan. 22, 2015) ("Rule 9(b) requires a plaintiff to allege the who, what, when, where, and how of the misconduct charged.").

In short, plaintiff's knowledge allegations are entirely conclusory and do not come close to sufficiently pleading a duty to disclose on the part of MBUSA. *Gold v. Lumber Liquidators, Inc.*, 2015 WL 7888906, at *7 (N.D. Cal. Nov. 30, 2015) ("Conclusory allegations are insufficient to establish a defendant's knowledge for purposes of creating a duty to disclose."); *Herremans v. BMW of N. Am., LLC*, 2015 WL 12712082, at *10 (C.D. Cal. Feb. 19, 2015) (dismissing CLRA and UCL claims because "[plaintiffs'] allegation that BMW 'was well aware and knew' of the defect prior to distributing the class vehicles in 2006 is conclusory."); *Coleman-Anacleto*, 2017 WL 86033, at *8 ("[B]ecause Plaintiff's FAC contains no allegations regarding Defendant's knowledge of the defect in September 2010, the date that Plaintiff purchased her Ultra Slim wall mount, Plaintiff has failed to state a CLRA claim."); *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *7 (N.D. Cal. June 20, 2013) ("To satisfy Rule 9(b), Plaintiffs must allege specific facts that

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  they claim should have alerted Nissan that the Intelligent Key system design was, in

2  fact, defective."); *Barakezyan v. BMW of N. Am., LLC*, 2016 WL 2840803, at *12

3  (C. D. Cal. Apr. 7, 2016) (allegations of pre-sale knowledge under the CLRA must

4  satisfy pleading standards of Rule 9(b)).

5    Because plaintiff has not pled facts establishing the existence of a duty to

6  disclose, his CLRA claim must therefore be dismissed.

7      2. **Plaintiff Fails to Plead Facts Showing "Active Concealment"**

8    Plaintiff's CLRA claim also fails because he pleads no facts showing that

9  MBUSA "actively concealed" the alleged defect.  *See* FAC ¶¶ 9, 10, 22.  "An

10  allegation of active concealment must plead more than an omission; rather, a

11  plaintiff must assert affirmative facts of concealment; *e.g.*, that the defendant

12  'sought to suppress information in the public domain or obscure the consumers'

13  ability' to discover it."  *Taragan*, 2013 WL 3157918, at *7.  Here, plaintiff only

14  makes the conclusory allegation that MBUSA "concealed" the alleged defect,

15  without any facts pled in support.  *See* FAC ¶¶ 1, 11, 18, 33.  In short, plaintiff's

16  allegations, even if taken as true, amount to nothing more than a mere failure to

17  disclose that does not rise to the level of active suppression of information from the

18  public domain.  *See Herron v. Best Buy Co.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal.

19  2013) (mere failure to disclose does not constitute active concealment).

20      3. **Plaintiff Fails to Plead an Affirmative Misrepresentation or**
21        **an Incomplete Partial Representation**

22    Finally, plaintiff does not plead facts showing that MBUSA made an

23  affirmative misrepresentation or incomplete partial representation regarding the

24  alleged defect.  Although plaintiff claims MBUSA "misrepresent[ed] the reliability

25  of vehicles equipped with the subject fuse boxes," FAC ¶ 9, he does not identify ***any***

26  representation made by MBUSA concerning his vehicle.  Nor does plaintiff provide

27  any description of what the alleged misrepresentations were.  Conclusory assertions

28  of affirmative misrepresentations are not enough to survive a motion to dismiss.

-9-

Plaintiff must "describe some specific statements, state where or on what medium those statements were made, and reveal how Plaintiff accessed them." *Yastrab v. Apple, Inc.*, 2015 WL 1307163, at *4 (N.D. Cal. Mar. 23, 2015); *In re iPhone 4s Consumer Litig.*, 2014 WL 589388, at *5 (N.D. Cal. Feb. 14, 2014) ("Rule 9(b) therefore requires Plaintiffs to aver specifically the statements they relied upon in making their purchases, what is false or misleading about the statements, and why those statements turned out to be false."). Thus, plaintiff's CLRA claim should be dismissed to the extent it is based upon an alleged affirmative misrepresentation or incomplete partial representation. *See* FAC ¶¶ 1, 9, 42(b)-(e).

### B. Plaintiff Does Not Adequately Allege Reliance Upon MBUSA's Alleged Omissions

Even assuming, *arguendo*, that plaintiff did sufficiently plead a duty to disclose under the CLRA, this claim would still fail because he has not adequately pled reliance on MBUSA's alleged omissions.

To bring a CLRA claim based upon an omission, plaintiff must plead facts showing that he actually relied on the alleged omission. *See Baba v. Hewlett-Packard Co.*, 2011 WL 317650, at *4 (N.D. Cal. Jan. 28, 2011). At a minimum, this requires plaintiffs "to plead how, if any of the allegedly omitted information had been disclosed, [plaintiff] 'would have been aware of it and behaved differently.'" *Phillips v. Apple, Inc.*, 2016 WL 1579693, at *8 (N.D. Cal. Apr. 9, 2016) (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993)); *McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014) (same) (Carter, J.).

Here, plaintiff has not sufficiently pled reliance because he alleges no facts showing that, had MBUSA disclosed the alleged defect, he would have been aware of the disclosure and would have acted differently. Indeed, plaintiff pleads virtually nothing at all regarding the purchase of his used vehicle, other than the price and date of purchase. FAC ¶ 4. For example, he does not allege from whom the vehicle was purchased, *e.g.*, an authorized dealer, an independent used car

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1   dealership, an auction, or a private party.  Nor does he plead any other facts

2   surrounding the purchase, such as the terms, the information that was reviewed, or

3   the communications that were made.  Reliance is pled in only the most formulaic

4   and conclusory terms, *see* FAC ¶ 22, which is insufficient to withstand a motion to

5   dismiss.  *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the

6   'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

7   and a formulaic recitation of the elements of a cause of action will not do.")

8   (internal citations omitted).

9        The Complaint does not contain sufficient facts which, if accepted as true,

10  would show that plaintiff relied on MBUSA's alleged omissions, *e.g.*, that he would

11  have been aware of a disclosure had it been made and would have acted differently.

12  *See Phillips*, 2016 WL 1579693, at *8.[1]  This is the same situation that this Court

13  addressed in *McVicar v. Goodman Global, Inc.*, where it dismissed the plaintiffs'

14  omissions-based UCL claim—subject to the same test for reliance applicable to the

15  CLRA—because they "ma[de] absolutely no allegation that either they or their

16  contractor checked Goodman's website or saw any Goodman advertisement . . . [or]

17  looked at any packaging or labeling that would have contained the omitted

18  information."  1 F. Supp. 3d at 1052 (Carter, J.); *see also Barakezyan*, 2016 WL

19  2840803, at *14 (CLRA claim dismissed where plaintiff "does not plead facts that

20  show he would have been aware of the information and would have behaved

21  differently if the omitted information had been disclosed").

22

23  _____

24  [1]    Plaintiff's failure to plead such facts also deprives him of Article III standing

25  to bring omission-based CLRA claim.  *See Phillips*, 2016 WL 1579693, at *8
    (finding that because plaintiffs had not pled facts showing they "would have been

26  aware of any omitted information had it been disclosed," they did not sufficiently

27  plead reliance and, therefore, lacked Article III standing to bring omission-based
    claims); *In re iPhone App. Litig.*, 6 F. Supp. 3d 1004, 1015 (N.D. Cal. 2013) (actual

28  reliance required for Article III standing for UCL and CLRA claims).

-11-

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

### C.    Plaintiff's CLRA Claim Must Be Dismissed for Lack of a Venue Affidavit

The CLRA states that "[i]n any action [under the CLRA], concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." Cal. Civ. Code § 1780(d). Plaintiff has not done so here. If "a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice." *Id*. Indeed, this Court has previously dismissed CLRA claims where plaintiffs did not file the required affidavits, and should do so here as well. *See McVicar*, 1 F. Supp. 3d at 1056 (dismissing CLRA claims where plaintiffs did not file venue affidavit) (Carter, J.).

### III.    PLAINTIFF'S CLAIM FOR BREACH OF EXPRESS WARRANTY FAILS AS A MATTER OF LAW

### A.    Plaintiff Fails to Allege the Exact Terms of the Warranty

Plaintiff's breach of express warranty claim fails because he has not alleged the "exact terms of the warranty." *In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 919 (9th Cir. 2014) (mem. op.) (affirming dismissal of express warranty claims for failure to state the exact terms of the warranty) (citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986)); *see Lengen v. Gen. Mills, Inc.*, 185 F. Supp. 3d 1213, 1222 (E.D. Cal. 2016) ("To state a cause of action for breach of express warranty, a plaintiff is required to 'allege the exact terms of the warranty.'"). Here, plaintiff alleges only that an express warranty existed and that the alleged defect manifested in his vehicle outside of the warranty period. FAC ¶¶ 4, 36. He does not plead any of the predicate terms of the warranty and, therefore, has not pled a cause of action for its alleged breach.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

### B.   Plaintiff Concedes That His Vehicle Was No Longer Under Warranty at the Time He Sought Repair

Plaintiff's claim for breach of express warranty also fails as a matter of law because his vehicle was admittedly "outside the scope of Mercedes' warranty" at the time he sought repair, FAC ¶ 4, when the vehicle was seven years old and had approximately 160,000 miles. *Id.* ¶ 36 (conceding that the "period of warranty coverage ha[d] elapsed"); *id.* Ex. 1 (West Coast Auto Appraisals Rpt. at 5). Repair orders attached to the FAC confirm that plaintiff's vehicle was ***more than three years*** past the four year warranty expiration date at the time of the alleged incident. *Id.* Ex. 2 (Guentzler Rpt. Ex. 3 at 8) (repair order showing vehicle delivery date of July 29, 2009 and four-year warranty expiration date of July 29, 2013).

It is well-settled law in California that "an express warranty 'does not cover repairs made after the applicable time or mileage periods have elapsed.'" *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 830 (2006) (quoting *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986)); *see also Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 850 (N.D. Cal. 2012) ("[T]he law in California does not consider an express warranty to include malfunctions that occur after the warranty has ended."); *Long v. Hewlett-Packard Co.*, 2007 WL 2994812, at *4 (N.D. Cal. July 27, 2007) ("[A] plaintiff cannot maintain a breach of warranty claim under California law for a product . . . that fails for the first time after the warranty has lapsed."). California courts have "expressly rejected the proposition that a latent defect, discovered outside the limits of a written warranty, may form the basis for a valid express warranty claim if the warrantor knew of the defect at the time of sale." *Daugherty*, 144 Cal. App. 4th at 830. Accordingly, there is no merit to plaintiff's unsupported allegation that MBUSA's supposed knowledge of a defect nullifies his warranty's durational limit. FAC ¶ 37.

Plaintiff's assertion that the warranty's durational limit is itself unconscionable also fails as a matter of law. There is nothing unconscionable about

not extending a free repair to a seven-year-old vehicle with over 160,000 miles on it and thus far outside the 4 year/50,000 mile warranty period. *See* FAC Ex. 2 (Guentzler Rpt. Ex. 3 at 8) (July 2013 warranty expiration). California law does not require warrantors to extend coverage to such old and long-driven vehicles. *See Smith v. Ford Motor Co.*, 462 F. App'x 660, 663-64 (9th Cir. 2011) (finding Ford's three year/30,000 mile warranty limit was not unconscionable under California law); *White v. Volkswagen Group of Am., Inc.*, 2013 WL 685298, at *5 (W.D. Ark. Feb. 25, 2013) ("There is nothing facially unconscionable about a five-year/60,000 mile warranty in the auto industry. Even warranties with more restrictive terms have been approved by many courts."); *Nelson v. Nissan N. Am., Inc.*, 2012 WL 3920626, *5 (D.N.J. Sept. 7, 2012) (same).

## IV.  PLAINTIFF FAILS TO STATE A UCL CLAIM AGAINST MBUSA

### A.  Plaintiff's Omissions-Based UCL Claim Fails Because He Has Not Pled Facts Establishing Reliance on MBUSA's Alleged Omissions

To establish statutory standing under the UCL, plaintiff "must show an injury in fact that is causally linked to [MBUSA's] alleged . . . omissions." *Phillips*, 2016 WL 1579693, at *6. Where, as here, a plaintiff's UCL claims are based upon an alleged omission, this "showing of causation requires a showing that Plaintiff[] actually relied on [MBUSA's] alleged omissions." *Id.* As discussed in Section II.B, *supra*, plaintiff has not pled facts sufficient to show reliance because he "fails to plead how, if any allegedly omitted information had been disclosed, [he] 'would have been aware of it and behaved differently.'" *Phillips*, 2016 WL 1579673, at *8 (quoting *Mirkin*, 5 Cal. 4th at 1093) (dismissing UCL claims where plaintiff did not adequately allege reliance upon defendant's alleged omissions). Accordingly,

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  plaintiff fails to adequately plead his UCL claim—regardless of the prong under

2  which it is brought—as a matter of law.[2]

### B.    Plaintiff Separately Fails to Allege Facts Showing MBUSA Committed Any Unlawful Business Practices

Plaintiff also fails to sufficiently plead that MBUSA violated any law that would support a claim for "unlawful" business practices.  The "unlawful" prong of the UCL prohibits business practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Leids v. Metlife Home Loans*, 2009 WL 4894991, at *4 (C.D. Cal. Dec. 7, 2009).  Thus, to properly state a claim for an "unlawful" business practice, plaintiff must properly plead that MBUSA violated another law. *See Cel-Tech Commc'ns Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

As discussed in Sections II and III, *supra*, plaintiff does not adequately allege that MBUSA violated the CLRA or breached any warranty.  Accordingly, plaintiff's "unlawful business practices" UCL claim fails to the extent it is based on these alleged "violations." *See Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179-80 (E.D. Cal. 2010).

Plaintiff's half-hearted attempt to bring an "unlawful business practices" UCL claim based on an alleged violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly") fails as well.  Aside from baldly proclaiming that MBUSA's alleged "violation of the Song-Beverly Consumer Warranty Act is a violation of that California statute . . . and is independently an unlawful business practice for that reason," *see* FAC ¶ 21, the FAC is silent as to any alleged violation of Song-Beverly.  Plaintiff does not bring any claim for violation of Song-Beverly.  Nor does he plead facts showing that MBUSA violated Song-Beverly, much less

---

[2]     For the reasons discussed in footnote 1, *supra*, plaintiff's failure to sufficiently plead reliance also requires his UCL claim to be dismissed for lack of standing.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

identify which of its provisions were supposedly violated. Plaintiff's claim that MBUSA violated Song-Beverly is, in short, nothing more than a bare-bones legal conclusion and is insufficient to state a predicate "unlawful business practice" under the UCL. *Iqbal*, 556 U.S. at 678.

### C.    Plaintiff Fails to Allege Facts Showing That MBUSA Committed Any Fraudulent Business Practice

Plaintiff's claim under the fraud prong of the UCL fails for the same reasons as his CLRA claim. *See Punian v. Gillette Co*., 2015 WL 4967535, at *5 (N.D. Cal. Aug. 20, 2015) (noting that claims under the CLRA and the fraud prong of the UCL are subject to the "same standard" for determining deceptive or misleading conduct and are frequently analyzed together). As discussed in Section II.A.1, *supra*, plaintiff does not plead facts showing that MBUSA knew of the alleged defect before plaintiff purchased his vehicle, which is fatal to his fraud-based UCL claim. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1146 n.5 (9th Cir. 2012) ("[T]he failure to disclose a fact that a manufacturer does not have a duty to disclose, *i.e.*, a defect of which it is not aware, does not constitute an unfair or fraudulent practice" under the UCL.). Similarly, plaintiff pleads no facts showing that MBUSA actively concealed the alleged defect or made any false or misleading representations concerning it. *See* Sections II.A.2-3, *supra*.

### D.    Plaintiff Fails to Allege Facts Showing That MBUSA Committed Any Unfair Business Practice

Plaintiff does not claim that MBUSA violated the unfair prong of the UCL—only that its actions violated the UCL's fraud and unlawful prongs. *See* FAC ¶ 20 ("DEFENDANT's actions . . . amounts [sic] to, at least, an unlawful and deceptive business practice and, hence, a violation of the UCL."). But even if plaintiff did pursue a UCL claim under the unfair prong, such claim would still fail because plaintiff does not sufficiently allege that MBUSA had presale knowledge of the alleged defect. *See* Section II.A.1, *supra*. "[B]ecause Plaintiff's unfair prong of the

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

-16-

UCL claim is similarly premised on the allegation that [MBUSA] knowingly concealed a product defect from consumers . . . at the time of sale . . ., the unfair prong of the UCL claim suffers from the same defect as . . . the CLRA cause[] of action." *Punian*, 2015 WL 4967535, at *12 (dismissing claim brought under the UCL's unfair prong).

## V.    THE RECALL-RELATED REMEDIES PLAINTIFF SEEKS ARE PREEMPTED BY FEDERAL LAW AND BARRED BY THE PRIMARY JURISDICTION DOCTRINE

This Court should dismiss or strike (under Fed. R. Civ. P. 12(f)) plaintiff's request for a court-ordered recall, as this request is impliedly preempted by the National Traffic and Motor Vehicle Safety Act of 1966, 49 U.S.C. §§ 30101 *et seq*. ("Safety Act"), and separately implicates the National Highway Traffic Safety Administration's ("NHTSA") primary jurisdiction.

Here, plaintiff seeks "injunctive relief . . . requiring repairs of the defective vehicles and a recall of the defective vehicles." Prayer for Relief ¶ F. Plaintiff's request conflicts with the Safety Act and its implementing regulations, which vest NHTSA with the exclusive authority to administer notification and recall campaigns. *See In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 153 F. Supp. 2d 935, 946 (S.D. Ind. 2001) ("Despite so worthy a goal as safety, the structure that Congress set up to accomplish this goal entrusts it to NHTSA and forecloses judicial interference on the basis of state law—at least as far as recalls are concerned."); *see also id.* at 945 ("NHTSA's broad discretion coupled with the specificity of the sections of the Safety Act dealing with notification and remedies cause us to conclude that Congress intended to establish comprehensive administrative regulation of recalls to promote motor vehicle safety."). Because the Safety Act provides a "comprehensive scheme for prospective relief from dangerous features in vehicles," it is inappropriate "[f]or a court to step in . . . [and] unnecessarily divert resources and attention from NHTSA and disturb the careful administrative procedure envisioned by Congress." *Id.* at 944-46.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

-17-

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

In the alternative, plaintiff's request for a court-ordered recall is barred by NHTSA's primary jurisdiction because the Agency is uniquely capable of determining whether mandating a recall is warranted to address the alleged "defect." Plaintiff's claims would also hamper NHTSA's efforts to regulate this highly complex area and prevent "uniformity in administration" of NHTSA's regulations. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) (citations omitted); *see also Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1299-1300 (1995) (deferring to NHTSA's authority and expertise in class action alleging concealed defect in automobiles).

## MOTION TO DISMISS FOR LACK OF STANDING

### VI.    PLAINTIFF LACKS STANDING TO BRING CLAIMS FOR VEHICLES HE DOES NOT OWN

Although plaintiff only puts at issue a single 2010 E550, he nevertheless asserts claims on behalf of California owners and lessees of any Mercedes-Benz vehicle with "the same make and model fuse box" as installed in his vehicle. FAC ¶ 1. He has not pled facts showing he has standing to do so.

This Court has previously held that named plaintiffs do not have standing to assert class claims based on products they have not purchased unless they "adequately plead[] 'sufficient similarity' between the products purchased and not purchased." *Precht v. Kia Motors Am., Inc*., 2014 WL 10988343, at *16 (C.D. Cal. Dec. 29, 2014) (Carter, J.). Here, plaintiff pleads no facts to show sufficient similarity between the components in his fuse box and those installed in the entirely unspecified vehicles encompassed by the putative class. Indeed, plaintiff does not even identify what other vehicles comprise the purported putative class of vehicles. Regardless, fuses may be rated differently "according to how many amps [they] can handle," FAC Ex. 2 (Guentzler Rpt. at 5), yet plaintiff does not allege that the components of all fuse boxes of "the same make and model" as his utilize the same fuses, much less the unspecified one he claims malfunctioned.

-18-

In short, plaintiff offers nothing more than "the bald assertion that all the Class Vehicles contained the same defect," which this Court has previously held does not give a plaintiff to standing to bring claims as to vehicles he does not own. *Precht*, 2014 WL 10988343, at \*16 (Carter, J.).  Accordingly, to the extent plaintiff purports to bring claims for vehicles other than his own, they should be dismissed for lack of standing.

## CONCLUSION

For all the foregoing reasons, plaintiff's Complaint and every cause of action therein should be dismissed.

Dated:  June 5, 2017

Respectfully submitted,

Squire Patton Boggs (US) LLP


By:  */s/ Troy M. Yoshino*
Troy M Yoshino
Attorneys for Defendant
MERCEDES-BENZ USA, LLC